UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
ROBERT MALDONADO,

                            Plaintiff,

             -against-

Police Officer ANSARI KALIL, Shield No. 11189; Sergeant DIANA PICHARDO, Shield No. 2816; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                          Defendants.
------------------------------------------------------------------ x

**COMPLAINT**

15 CV 2644

Jury Trial Demanded

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiff Robert Maldonado ("plaintiff" or "Mr. Maldonado") is a resident of Kings County in the City and State of New York.

7. Defendant Police Officer Ansari Kalil, Shield No. 11189 ("Kalil"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Kalil is sued in his individual and official capacities.

8. Defendant Sergeant Diana Pichardo, Shield No. 2816 ("Pichardo"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Pichardo is sued in her individual and official capacities.

9. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

10. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

11. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

12. At approximately 9:45 p.m. on October 25, 2013, Mr. Maldonado was lawfully talking with a friend outside of his apartment in the vicinity of Surf Avenue in Brooklyn, New York.

13. Defendants stopped Mr. Maldonado without reasonable suspicion or probable cause to believe he had committed any crime or offense.

14. Defendants searched Mr. Maldonado and no illicit substances were recovered.

15. Defendants handcuffed Mr. Maldonado and took him to Police Service Area 1 (PSA1).

16. At PSA1, plaintiff was strip searched, and again defendants found no contraband on Mr. Maldonado.

17. At the precinct defendants falsely informed employees of the Kings County District Attorney's Office that they had observed plaintiff in possession of crack cocaine.

18. At no point did the officers observe plaintiff in possession of crack cocaine.

19. Mr. Maldonado was kept in a cell for several hours before being issued a

desk appearance ticket.

20. On October 1, 2014, the charge against Mr. Maldonado was dismissed.

21. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, anxiety, embarrassment, an illegal strip search, humiliation, and damage to his reputation.

### FIRST CLAIM
### Unlawful Stop and Search

22. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

23. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

24. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

### SECOND CLAIM
### False Arrest

25. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

26. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

27. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

### THIRD CLAIM
**Malicious Prosecution**

28. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

29. By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

30. Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of his constitutional rights. The prosecution by defendants of plaintiff constituted malicious prosecution in that there was no basis for the plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

31. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## FOURTH CLAIM
### Denial Of Constitutional Right To Fair Trial

32. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

33. The individual defendants created false evidence against plaintiff.

34. The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

35. In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

36. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### Failure To Intervene

37. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

38. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent

such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

39. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

40. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

Dated:     May 7, 2015
           New York, New York

                                        HARVIS WRIGHT & FETT LLP

                                        _____
                                        Baree N. Fett
                                        305 Broadway, 14th Floor
                                        New York, New York 10007
                                        (212) 323-6880
                                        bfett@hwf.nyc

                                        *Attorneys for plaintiff*