UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

ROBERT MALDONADO,

                                         Plaintiff,

                -against-

Police Officer ANSARI KALIL, Shield No. 11189;
Sergeant DIANA PICHARDO, Shield No. 2816; and
JOHN and JANE DOE 1 through 10, individually and in
their official capacities (the names John and Jane Doe
being fictitious, as the true names are presently unknown),

                                         Defendants

**STIPULATION AND PROTECTIVE ORDER**

15-CV-02644 (WFK)(RER)

------------------------------------------------------------------ x

        **WHEREAS**, plaintiff Robert Maldonado ("Plaintiff") has requested certain documents and information from defendants Police Officer Ansari Kalil and Sergeant Diana Pichardo ("Defendants"); and

        **WHEREAS**, Defendants deem this information and these documents to be confidential, private and/or subject to a law enforcement and/or governmental privilege and/or other applicable privileges, or otherwise inappropriate for public disclosure; and

        **WHEREAS**, Defendants object to the production of these documents unless appropriate protection for their confidentiality is assured; and

        **WHEREAS**, good cause therefore exists for the entry of an order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

        **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the attorney for Plaintiff and the attorney for Defendants, as follows:

        1.    As used herein, "Action" shall mean the lawsuit captioned above.

2. "Confidential Materials" shall mean: New York City Police Department ("NYPD") personnel and disciplinary-related records, and records of investigations regarding the conduct of Members of the Service of the NYPD conducted by the NYPD, the Civilian Complaint Review Board ("CCRB"), or other agencies, and other documents and information that may in good faith, during the pendency of this litigation, be designated "Confidential Material" by Defendants or the Court, except that such documents and information shall not be designated "Confidential Materials" to the extent, and only to the extent, that they are (a) lawfully obtained by Plaintiff by subpoena or pursuant to the New York Freedom of Information Law ("FOIL"); or (b) are otherwise publicly available.

3. Defendants shall designate in good faith particular documents as "Confidential Materials" by labeling such documents "Confidential" and/or by designating such documents by Bates Number in a writing directed to Plaintiff's counsel. Defendants reserve the right to designate any documents confidential pursuant to this agreement if necessary after production of such documents to Plaintiff. If Plaintiff objects to the designation of particular documents as "Confidential Material," Plaintiff shall state such objection in writing to the Defendants and the parties shall endeavor in good faith to resolve such objection. If such objection cannot be resolved, then Defendants shall, within thirty (30) days of receiving Plaintiff's objections, move for an Order approving such designation.

4. Neither Plaintiff nor Plaintiff's attorney shall use the Confidential Materials produced in discovery in the Action for any purpose other than the preparation, or presentation, of Plaintiff's case in the Action.

5. Plaintiff's attorney shall not disclose the Confidential Materials to any person not a member of the staff of that attorney's office, except under the following conditions:

a. Disclosure may be made only if necessary to the preparation or presentation of Plaintiff's case in the Action.

b. Disclosure may also be made to an expert who has been specially employed by Plaintiff's attorney in anticipation of litigation or preparation for trial of the Action, to a witness at a deposition or in preparation for testimony at a deposition or trial, or to the Court.

c. Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court or to a witness at a deposition), Plaintiff's attorney shall provide each such person with a copy of this Protective Order, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution or settlement of the Action and not to make further disclosure of the Confidential Materials, except in testimony taken in the Action. Plaintiff's counsel shall retain the signed consent and furnish a copy of same to Defendants' attorney upon request at a deposition or immediately before trial, although the name of an expert that Plaintiff's attorney does not intend to call as a trial witness may be redacted from such consent before it is produced.

6. Defendants or their counsel may designate deposition exhibits or portions of deposition transcripts as Confidential either by: (a) indicating on the record during the deposition that a question relates to Confidential Materials, in which event the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within thirty (30) days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated "Confidential," in which event all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by Defendants' counsel.

7. If Plaintiff objects to the designation of any Confidential Materials as confidential, he shall in good faith attempt to resolve such conflict. If the conflict cannot be resolved among counsel, Plaintiff shall, within thirty (30) days of the initial objection, request

the Court to remove the designation. Any such materials or information shall be treated as Confidential until the parties resolve the conflict or the Court issues its ruling regarding the conflict.

8. If Plaintiff seeks to file papers with the Court that incorporate Confidential Materials or reveal the contents thereof, he shall first make an application to the Court for permission to file under seal the specific portions of those papers disclosing Confidential Materials and shall indicate whether Defendants object to that request. No materials shall be filed under seal unless the Court has issued an Order approving the filing, in which event the filing shall follow the District Court rules applicable to filing under seal.

9. Nothing in this Stipulation and Protective Order shall be construed to limit Defendants' use of their own Confidential Materials in any manner, or to limit the use of Confidential Materials or their contents to the extent that they are publicly available or have been provided to Plaintiff through other lawful means, such as a FOIL request.

10. Within thirty (30) days after the termination of the Action, including all appeals, the Confidential Materials, including all copies and non-conforming copies thereof, notes, and any other materials containing or referring to information derived therefrom, shall be returned to Defendants' attorneys, or upon their consent, destroyed, and all persons who possessed such materials shall verify their return or destruction by affidavit furnished to Defendants' attorneys.

11. This Stipulation and Protective Order shall be binding immediately upon signature and shall be submitted to the Court for an entry as an Order.

12. Plaintiff's counsel shall keep confidential for "attorneys-eyes-only" the address, telephone number, social security number, date of birth and other personal information

regarding witnesses identified by the production of documents or otherwise identified in the course of this litigation. Such information shall be used only by the attorney or his law firm or agents for the purpose of communicating with witnesses or the service of subpoenas, and shall not be disclosed to Plaintiff, his family members, or other persons, and such information shall not be included in documents publicly filed with the Court.

13. This Stipulation and Protective Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Materials are produced or disclosed. All documents or information that have been deemed confidential pursuant to this Stipulation and Protective Order, including all copies and non-conforming copies thereof, shall remain confidential for all time. Once the Action has been resolved, including all appeals, the Confidential Materials, including all copies and non-conforming copies thereof, shall not be used by the Plaintiff or Plaintiff's attorneys for any purpose without prior Court approval.

14. The Court will retain jurisdiction over all persons subject to this Stipulation and Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof. Additionally, the Court reserves the

right, in its sole discretion, to modify this Stipulation and Protective Order at any time.

BAREE N. FETT
*Attorney for Plaintiff*
Harvis & Fett LLP
305 Broadway, 14th Floor
New York, New York 10007

By: _____
Baree N. Fett
*Attorney for Plaintiff*

ZACHARY W. CARTER
Corporation Counsel of the
  City of New York
*Attorney for Defendants Kalil and Pichardo*
100 Church Street,
New York, New York 10007

By: _____
Joanne M. McLaren
*Assistant Corporation Counsel*

SO ORDERED:

Dated: New York, New York
         _____, 2015

_____
HON. Ramon E. Reyes, Jr.
UNITED STATES MAGISTRATE JUDGE

## **EXHIBIT A**

The undersigned hereby acknowledges that (s)he has read the Stipulation and Protective Order entered in the United States District Court for the Eastern District of New York in the Action entitled, <u>Robert Maldonado v. Police Officer Ansari Kalil, Shield No. 11189; Sergeant Diana Pichardo, Shield No. 2816, et al.</u>, 15-CV-02644 (WFK)(RER) and understands the terms thereof. The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than as permitted by the Stipulation and Protective Order, and will not further disclose the Confidential Materials except in testimony taken in this case.

_____  _____
Date                                                         Signature

                                                                   _____
                                                                   Print name